## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Arthur Barry Sotloff, *et al.*,

                    Plaintiffs,

v.

Syrian Arab Republic

                    Defendant

Civil Action No.: 16-725 (TJK)

## PLAINTIFFS' CONSENT MOTION TO CONSOLIDATE
## AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiffs in this matter, with the consent of the plaintiffs in *Mueller v. Syrian Arab Republic*, No. 18-1229 (ESH) (D.D.C.) (the "*Mueller* plaintiffs") and the plaintiffs in *Foley v. Syrian Arab Republic*, No. 18-1625 (TJK) (D.D.C.) (the "*Foley* plaintiffs") respectfully move this court to consolidate these three cases under Fed. R. Civ. P. 42(a) and Local Civ. R. 40.5(d). Plaintiffs state the following in support of their motion:

This Court has jurisdiction to hear Plaintiffs' motion to consolidate as all three cases which are the subject of this motion are pending before this Court. *See* Fed. R. Civ. P. 42(a). Plaintiffs in the instant case are required to move for consolidation on this docket, as "[m]otions to consolidate cases assigned to different judges of this Court shall be heard and determined by the judge to whom the earlier-numbered case is assigned." Local Civ. R. 40.5(d).

Under Fed. R. Civ. P. 42(a) this Court has authority to consolidate any actions pending before it that "involve a common question of law or fact." "Consolidation pursuant to Rule 42(a) is permissive and vests a purely discretionary power in the district court, which may consolidate related cases *sua sponte*." *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011). Additionally, consolidation "relieves the parties and the Court of the burden of duplicative pleadings and Court orders." *Clayton v. D.C.*, 36 F. Supp. 3d 91, 93 (D.D.C. 2014) (citing *New York v. Microsoft Corp.*, 209 F. Supp. 2d 132, 148 (D.D.C.2002)). Accordingly, consolidation, a "purely ministerial act", *id.*, is a tool to improve judicial "convenience and economy in administration," and does not change the underlying rights and causes of action of the parties. *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496 (1933)**.**

In exercising this broad discretion, district courts "must weigh the risk of prejudice and confusion wrought by consolidation" against:

(1) "the risk of inconsistent rulings on common factual and legal questions"; and

(2) "the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits . . . ."

*Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. at 286 (citing *Hendrix v. Raybestos–Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *Jackson v. Ford Consumer Fin. Co.*, 181 F.R.D. 537, 539 (N.D. Ga. 1998); *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995). For this reason, "[c]onsolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." *Id.* (quoting *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009).

In these cases, there is no risk of prejudice to Defendant Syrian Arab Republic ("Syria"). Syria has defaulted in this case, Dkt. No. 17, and—given Syria's litigation strategy over the past

decade—Plaintiffs have every reason to believe that Syria will not enter an appearance in *Mueller* or *Foley*. *See e.g. Wyatt v. Syrian Arab Republic*, No. 08-502 (RCL), Dkt. No. 31 (D.D.C.); M*alina v. Syrian Arab Republic*, No. 11-93 (JMF), Dkt. No. 17 (D.D.C.); *Foley v. Syrian Arab Republic*, No. 11-699 (CKK), Dkt. No. 52 (D.D.C.); *Thuneibat v. Syrian Arab Republic*, No. 12-20 (BAH), Dkt. No. 24 (D.D.C.). Furthermore, even were Syria to make an appearance, it would benefit as much as Plaintiffs and this Court from not having to litigate the same issues multiple times. The Plaintiffs in this case, *Mueller*, and *Foley* are all represented by the same counsel and have consented to consolidation. Exhibit A (Declaration of Steven R. Perles).

Consolidation would "avoid overlapping trials containing duplicative proof, excessive cost, and waste of valuable court time in the trial of repetitive claims . . . ." *See Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Reserve Sys.*, 770 F. Supp. at 286. More specifically, the *Sotloff*, *Mueller*, and *Foley* cases all hinge on the same factual predicate, that Syria fostered the creation of the Islamic State in Iraq and the Levant (hereinafter "Daesh) in the early 2000s, and that Syria continued its material support of Daesh into the early 2010s. *Compare Sotloff v. Syrian Arab Republic*, No. 16-725 (TJK), Dkt. No. 1 at ¶¶15-36 (D.D.C.) *with Mueller v. Syrian Arab Republic*, No. 18-1229 (ESH), Dkt. No. 1 at ¶¶18-39 (D.D.C.) *and Foley v. Syrian Arab Republic*, No. 18-1625 (TJK), Dkt. No. 1 at ¶¶20-41 (D.D.C.). Thus, in each case the Plaintiffs intend to provide the court with *precisely* the same evidence in support of this contention. Plaintiffs in each case will offer expert testimony from the same expert witnesses and move to admit the same expert and government reports into evidence. *See* Exhibit A. Consolidation would not only avoid triplicate expenses in producing said evidence three times, it would avoid the waste of judicial resources in hearing and weighing this evidence more than once. This Court has held that "consolidation is particularly appropriate when the actions are likely to involve substantially the

3

same witnesses . . . . *Hanson v. D.C.*, 257 F.R.D. 19, 21 (D.D.C. 2009) (citing *Davis v. Buffalo Psychiatric Ctr.*, 1988 WL 47355, at *1 (W.D.N.Y. May 10, 1988)).

In addition to proving Syrian material support for Daesh during the relevant period of time, each of the three plaintiff groups will have to prove that Daesh carried out the abduction, torture, and extrajudicial killings at issue in each case. Daesh's responsibility for these acts of terrorism is a matter of public record, publicly acknowledged by numerous government agencies. *See,* e.g., PRESIDENTIAL MEMORANDUM PLAN TO DEFEAT THE ISLAMIC STATE IN IRAQ AND SYRIA, PRESIDENTIAL MEMORANDA (issued Jan. 28, 2017), https://www.whitehouse.gov/presidential-actions/presidential-memorandum-plan-defeat-islamic-state-iraq-syria ("ISIS is responsible for . . . the beheadings of James Foley, Steven Sotloff . . . as well as the death of Kayla Mueller."). While each plaintiff group will necessarily proffer a certain amount of unique evidence regarding the abduction, torture, and death of their loved one, there is substantial overlap. For example, the same expert witnesses will authenticate the execution videos, explain the basis for the governmental findings of Daesh liability, and place each incident within the Daesh *modus operandi*. Exhibit A. Additionally, counsel for plaintiffs have met with witnesses who saw all three victims, Steven Sotloff, Kayla Mueller, and James Foley, detained by known Daesh militants in the same prison at the same time. *Id*. Again, it would cause triplicate expenses for the plaintiffs and waste judicial resources to present this same evidence in three separate hearings. *See Hanson v. D.C.*, 257 F.R.D. at 21. Moreover, several potential fact witnesses are themselves victims of terrorism, some of whom have bravely volunteered to travel internationally to share their experiences with the court. Exhibit A. Consolidation would limit their testimony to one instance and thereby minimize the trauma caused by reliving those events and minimize the impact on their personal lives.

On several occasions this Court has adjudicated, under a single docket, claims against Syria arising out of multiple abductions and executions carried out by the same terrorist group. *See Foley v. Syrian Arab Republic*, 249 F. Supp. 3d 186, 190 (D.D.C. 2017) (finding Syria liable for providing material support to al Qaeda in Iraq during that group's assassination of a U.S. diplomat in Jordan, and its abduction and execution of two U.S. servicemen in two separate incidents in Iraq); *Gates v. Syrian Arab Republic*, 580 F. Supp. 2d 53, 57 (D.D.C. 2008), *aff'd*, 646 F.3d 1 (D.C. Cir. 2011) (finding Syria liable for providing material support to al Qaeda in Iraq during that group's joint abduction and separate execution of two civilian contractors in Iraq).

Next, while the plaintiffs in each case are confident that they will prove Syrian liability "by evidence satisfactory to the court," *see* 28 U.S.C. § 1603(a), the risk of inconsistent rulings in three different proceedings also weighs in favor of consolidation. *See Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. at 286.

Additionally, consolidation is favored where, as here, all actions share the same defendant and hinge on the same questions of law. *Hanson v. D.C.*, 257 F.R.D. at 22. The *Sotloff*, *Mueller*, and *Foley* cases all share the same, single defendant, Syria, and all the plaintiffs in those cases all plead the same causes of action under the same statute, the Terrorism Exception to the Foreign Sovereign Immunities Act, codified at 28 U.S.C. § 1605A. *Compare Sotloff v. Syrian Arab Republic*, No. 16-725 (TJK), Dkt. No. 1 at ¶¶11-14, 46-70 (D.D.C.) *with Mueller v. Syrian Arab Republic*, No. 18-1229 (ESH), Dkt. No. 1 at ¶¶14-17, 49-73 (D.D.C.) *and Foley v. Syrian Arab Republic*, No. 18-1625 (TJK), Dkt. No. 1 at ¶¶16-19, 51-75 (D.D.C.).

Finally, consolidation is only appropriate where the cases have a similar procedural posture, such as when all cases are "still in their nascent stages." *Hanson v. D.C.*, 257 F.R.D. at 22; *see also Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002) (declining to consolidate

where one of the cases had already reached a settlement); *Nat. Res. Def. Council, Inc. v. Hughes*, 454 F. Supp. 148, 155 (D.D.C. 1978) (declining to consolidate where summary judgment had been granted in one case but oral argument had yet to occur in another). While this Court entered a default in *Sotloff* after Syria was served under 28 U.S.C. § 1608(a), Dkt. No. 17, and service has not been completed in *Mueller* and *Foley*, No. 18-1229 (ESH) (D.D.C.); Ca. No. 18-1625 (TJK) (D.D.C.), this Court has yet to schedule a trial date in any of these three cases. If the Court is amenable, Plaintiffs in this matter are willing to wait for the *Mueller* and *Foley* plaintiffs to complete their service in accordance with § 1608(a) before proceeding to a consolidated trial. Exhibit A.

## CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that this Court consolidate this case with *Mueller v. Syrian Arab Republic*, No. 18-1229 (ESH) (D.D.C.) and *Foley v. Syrian Arab Republic* Ca. No. 18-1625 (TJK) (D.D.C.).


DATED                                            Respectfully Submitted,

July 13, 2018                                     s/Steven R. Perles_____
                                                 Steven R. Perles (Bar No. 326975)
                                                 Edward B. MacAllister (Bar No. 494558)
                                                 Joshua K. Perles (Bar No. 1031069)
                                                 Emily J. Amick (Bar No. 242018)
                                                 PERLES LAW FIRM, PC
                                                 1050 Connecticut Ave, NW
                                                 Suite 500
                                                 Washington, DC 20036
                                                 Telephone: 202-955-9055
                                                 Email: sperles@perleslaw.com